NYSA SERIES TRUST, Lew Rumsmoke, Leah Gabelman, Trustee, Gabelman Trust, Gerald E. Fuess, Richard Martin, Richard B. Abbott, Teri Martin, Christopher Morris, Jacob Huller, Susan Schweitzer, Trustee, Schweitzer Living Trust, Edwin L. Olmstead, Alton Prosser, Michael Cuddy, Michael & Elizabeth Pfohl, Andrew Merritt, Brian Letcher, William Patterson, Trustee, Patterson Warehouse Employee and Profit Sharing Plan, Plaintiffs–Appellants,

v.

Patrick DESSEIN, Brett Greenky, M.D., Seth Greenky, M.D., Glenn Axelrod, M.D., Richard Esposito, John Sacco, M.D., Espsco Syracuse, LLC, Defendants–Appellees.

No. 15–626.

United States Court of Appeals, Second Circuit.

Jan. 27, 2016.

Jay Shapiro (Patricia C. Foster, Patricia C. Foster PLLC, Pittsford, NY, on the brief), White and Williams LLP, New York, NY, for Plaintiffs–Appellants.

Daniel B. Berman (Janet D. Callahan, on the brief), Hancock Estabrook, LLP, Syracuse, NY, for Defendants–Appellees Patrick Dessein, Brett Greenky, M.D., Seth Greenky, M.D., Glenn Axelrod, M.D., Richard Esposito.

Matthew Van Ryn, Melvin & Melvin, PLLC, Syracuse, NY, for Defendant–Appellee John Sacco, M.D.

PRESENT: AMALYA L. KEARSE, CHESTER J. STRAUB, and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiffs–Appellants appeal from the dismissal with prejudice of their claims against Defendants–Appellees under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5. The action arises out of Plaintiffs–Appellants' purchase of debt securities in a private placement offering (the "Offering") made by Defendant–Appellee ESPSCO Syracuse, LLC ("ESPSCO"). Plaintiffs–Appellants allege that the informational materials included with the Offering contained material misrepresentations that fraudulently induced them into making this investment.

The District Court dismissed plaintiffs' federal claims against the individual defendants principally on the ground that the complaint failed to state a claim on which relief can be granted under Section 10(b) and Rule 10b–5, and alternatively on the ground that those claims were barred by the statute of limitations. The sufficiency of a complaint to state a claim on which

relief can be granted is a question of law. *See De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir.1996), *cert. denied*, 519 U.S. 1007, 117 S.Ct. 509, 136 L.Ed.2d 399 (1996). We agree, for substantially the reasons stated by the District Court, that plaintiffs' complaint failed to state a claim on which relief can be granted under Section 10(b) and Rule 10b–5.

Although the District Court dismissed plaintiffs' federal claims against ESPSCO only on the statute-of-limitations ground, "[i]t is well settled that this Court 'may affirm on any basis for which there is sufficient support in the record, including grounds not relied on by the district court,'" *Lotes Co. v. Hon Hai Precision Industry Co.*, 753 F.3d 395, 413 (2d Cir. 2014) (quoting *Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 205 (2d Cir.2006), *cert. denied*, 549 U.S. 1209, 127 S.Ct. 1334, 167 L.Ed.2d 81 (2007)). As the complaint failed to state a claim against ESPSCO under Section 10(b) and Rule 10b–5 for the same reasons stated by the District Court with respect to the individual defendants, we affirm the dismissal of ESPSCO for failure to state a claim.

We have considered all of plaintiffs' challenges to the District Court's ruling that the complaint failed to state a claim and have found them to be without merit. We AFFIRM the judgment of the District Court.